**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Darrell D. Smith,

Plaintiff,

v.

B. Eischen, *FPC Duluth, Warden*,

Respondent.

---

Case No. 22-cv-1704 (NEB/DJF)

**ORDER**

This matter is before the Court on pro se Petitioner Darrell D. Smith's various self-styled motions ("Motions") (ECF Nos. 14, 16, 18) to supplement the record in relation to his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1).

Mr. Smith filed his Petition on July 1, 2022 seeking to have the U.S. Bureau of Prisons ("BOP") calculate and immediately apply the First Step Act time credits ("FTCs") he has earned for completion of programming and productive activities to his sentence computation and percent of term served. (ECF No. 1.) Respondent B. Eischen responded to Mr. Smith's Petition on August 30, 2022 ("Response") (ECF No. 10), arguing in part that the Petition should be dismissed because Mr. Smith failed to exhaust his administrative remedies (*id.* at 13-15).

**BACKGROUND**

On September 12, 2022, Mr. Smith filed a self-styled motion titled "Motion to Respond to the Warden Eischen's response to Smith's request for immediate application of Smith's earned First Step Act (FSA) credits" in which he replied to Respondent's Response ("First Motion to Respond") (ECF No. 14). On October 27, 2022, Mr. Smith filed a second self-styled motion titled "Motion to append the following document to my original response delivered to the Court on September 8, 2022" in which he expanded on the arguments in his First Motion to Respond and

included updated information related to his FSA Time Credit Assessment ("Second Motion to Respond") (ECF No. 16). On November 7, 2022, Mr. Smith filed a third self-styled motion titled "Motion to respond to the B.O.P.s delivery of their response to my filed BP-13 requesting FSA ETC credits be issued properly and timely per computing the correct PERCENT STATUTORY TIME SERVED**"** in which he further expanded on his previous arguments and asked the Court to consider new information related to his request for administrative remedies ("Motion to Expand") (ECF No. 18). Mr. Smith included as an exhibit to his Motion to Expand a response to his appeal to the National Inmate Appeals Administrator dated October 6, 2022 (ECF No. 19) to show that his administrative remedies with the BOP have now been exhausted.

The Court now addresses whether to consider or to reject these additional filings offered by Mr. Smith in support of his habeas petition. In 1976, the United States Supreme Court enacted Rules governing habeas petitions filed under 28 U.S.C. § 2254 ("Section 2254 Rules"). Rule 1 provides that courts, in their discretion, may apply the Section 2254 Rules to habeas petitions other than those arising under section 2254, such as those arising under section 2241. The Court therefore exercises its discretion to apply the Section 2254 Rules to Mr. Smith's Petition.

Rule 5(e) of the Section 2254 Rules provides that a petitioner may file a reply to the respondent's answer or other pleading. Rule 5(e), 28 U.S.C. fol. § 2254. In addition, Rule 7 of the Section 2254 Rules authorizes the Court to require or permit the parties to expand the record as necessary or helpful in addressing the underlying habeas petition. Rule 7, 28 U.S.C. fol. § 2254. If the record is expanded, however, the opposing party must be provided an opportunity to respond to any additional materials submitted. *Id.*

Applying these Rules to Mr. Smith's Motions (ECF Nos. 14, 16 and 18), the Court will construe them as requests to reply to Respondent's response, as permitted under Rule 5(e), and

will grant the Motions. In his Motion to Expand, however, Mr. Smith not only offers additional argument, but also seeks to expand the record by providing new documentation related to his claim that he has exhausted his administrative remedies. (*See* ECF Nos. 18, 19.) Under Rule 7 of the Section 2254 Rules, the Court will expand the record as Mr. Smith requests but must provide Respondent an opportunity to file a response.[1]

The Court accordingly grants Mr. Smith's motions and further directs Respondent to file a response within 21 days from the date of this Order. No other documents or memoranda in connection with the Petition will be permitted without prior leave of Court.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner Darrell B. Smith's various self-styled Motions (ECF Nos. [14], [16], [18]) are **GRANTED**;

2. Respondent shall file a response to the additional information offered in Mr. Smith's responsive filings on or before **November 30, 2022**; and

3. No other documents or memoranda in connection with the Petition will be permitted without prior leave of Court.

Dated: November 9, 2022

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

[1] Nothing in this Order should be construed as a decision regarding the merits of any argument or the relevance of any information submitted as to the claims and defenses asserted by any party.