## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

DARRELL D. SMITH,

        Petitioner,

v.

B. EISCHEN, FPC Duluth, Warden,

        Respondent.

Case No. 22-CV-1704 (NEB/DJF)

ORDER ON REPORT AND
RECOMMENDATION

---

This matter is before the Court on Darrell Smith's petition for a writ of habeas corpus under 28 U.S.C. Section 2241, his request to move for summary judgment, and his motion for summary judgment. Smith, proceeding *pro se*, argues that the Bureau of Prisons ("BOP") miscalculated his earned time credits under the First Step Act of 2018 ("FSA"). He also argues that the BOP must immediately apply his FSA credits to his percent of statutory term served, just as the BOP does for his Good Conduct Time ("GCT") credits. In a Report and Recommendation ("R&R"), United States Magistrate Judge Dulce J. Foster recommends this Court deny Smith's petition, deny his motions, and dismiss this action with prejudice. (ECF No. 39 ("R&R").) Judge Foster reasons that the BOP correctly calculated Smith's time credits at 675 days, and that it has appropriately

waited to apply those credits until they equal the rest of Smith's sentence. Smith objects.[1]

The Court overrules Smith's objection and accepts the R&R as modified below.

Smith is incarcerated at the Federal Prison Camp in Duluth, Minnesota, serving a

175-month term of imprisonment for aggravated identity theft and wire fraud. (R&R at

1[2].) He is scheduled to be released via GCT credit on October 1, 2029. (*Id.* at 2.) The FSA

provides that eligible prisoners may also earn time credits based on the number of "days"

they spend in "evidence-based recidivism reduction programming":

> (A) In general.--A prisoner, except for an ineligible prisoner under
> subparagraph (D), who successfully completes evidence-based recidivism
> reduction programming or productive activities, shall earn time credits as
> follows:
>
>> (i) A prisoner shall earn 10 days of time credits for every 30 days of
>> successful participation in evidence-based recidivism reduction
>> programming or productive activities.
>>
>> (ii) A prisoner determined by the Bureau of Prisons to be at a
>> minimum or low risk for recidivating, who, over 2 consecutive
>> assessments, has not increased their risk of recidivism, shall earn an
>> additional 5 days of time credits for every 30 days of successful
>> participation in evidence-based recidivism reduction programming
>> or productive activities.

18 U.S.C. § 3632(d)(4)(A). The BOP calculated Smith's FSA credits on October 7, 2022.

(R&R at 7.) It determined that Smith was eligible to earn 15 days of credits for every 30-

---

[1] Smith titles his filing as a "Motion for De Novo Review," (ECF No. 40), which the Court construes to be an objection to the R&R under Local Rule 72.2(b)(1).

[2] When the Court cites the R&R, it incorporates the citations it contains.

2

day period of successful participation in programming because of his low recidivism risk. (*Id.*) And it determined that Smith accrued credits on all available days during his incarceration, apart from a 24-day period in 2021 when he was in transit between facilities. (*Id.*) The BOP calculated Smith's total FSA credits at 675 days. (*Id.*)

Smith makes two arguments. First, in his habeas petition, he asserts that the BOP should not have excluded the 24-day transit period from his time-credit calculation because at other times he took multiple courses simultaneously. (ECF No. 1 at 6, 8; *see also* ECF No. 16 at 2, 9–21.) Put another way, Smith insists that the BOP should have "'filled in' the gap" to reflect the extra time that he put into programming on different days. (R&R at 8 (citing ECF No. 16 at 9–10).) The R&R concluded otherwise, and Smith rightly does not object to that conclusion.[3] (*See generally* ECF No. 40.) The BOP interprets the FSA to award credits based on days in programming, not the volume of programs. 28 C.F.R. § 523.42(c). Eligible inmates are not "successfully participating" in programming when they are in transit to "the custody of another Federal or non-Federal government agency." *Id.* § 523.41(c)(4)(iii). The BOP therefore rightly excluded Smith's 24-day transit period when it calculated his total FSA credits at 675 days.

---

[3] Indeed, in Smith's motion for summary judgment, he backtracked from his argument that his FSA credits were wrongly calculated. (*See* ECF No. 34 at 1 ("Smith does not dispute the Government's other affidavit facts declaring that Smith earned 675 FSA days through September 2022 . . . .").)

Second, Smith objects to the R&R's conclusion that the BOP did not err when it applied Smith's GCT credits to his percent of statutory time served but not his FSA credits. Smith contests the R&R's "foundational statement," as he puts it, that "Good Conduct Time credits, once earned, cannot be taken away for bad behavior" but "FSA Time Credits can." (ECF No. 40 at 1 (citing R&R at 11).) Smith's argument for applying his FSA credits now is that he has a protected liberty interest in them. (*See id.* at 1–2.) The government recognizes that the R&R's statement about being unable to lose GCT credits is incorrect, as GCT credits and FSA credits each may be taken away for bad behavior. (ECF No. 41 at 2.) But the government maintains that the R&R otherwise properly concluded that GCT credits and FSA credits are not functionally equivalent. (*Id.*)

Apart from the R&R's incorrect statement that GCT credits may not be taken away, *see* 28 C.F.R. § 541.3, tbl. 1 (providing that GCTs may be forfeited or withheld as a sanction for certain prohibited acts), the Court agrees with the R&R's reasoning about Smith's FSA credits. GCT credits implicate protected liberty interests that can be vindicated on a habeas petition, but the application of FSA credits is conditional and therefore the credits do not create the same liberty interests. *See Fiorito v. Fikes*, No. 22-CV-749 (PJS/TNL), 2022 WL 16699472, at *5–6 (D. Minn. Nov. 3, 2022), *appeal filed*, No. 23-1006 (8th Cir. Jan. 3, 2023). The FSA limits an inmate's ability to apply FSA credits to their sentence to when the number of credits is "equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). At the time the inmate's credits equal the rest

of their sentence, "they may have their time credits applied toward prerelease custody or supervised release." *Mills v. Starr*, No. 21-CV-1335 (SRN/BRT), 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (citing § 3632(d)(4)(A), (C)). Application of the FSA credits depends on maintaining a minimal or low risk of recidivism—or receiving an exception to that requirement from the warden of the facility where the prisoner is detained. § 3624(g)(1)(D). Assuming the prisoner meets these requirements, the FSA credits "shall be applied toward time in prerelease custody or supervised release." § 3632(d)(4)(C).

Smith's petition to have his FSA credits applied to his percent of statutory time served is premature. As discussed, he has earned 675 days in FSA credits, but his projected release date via GCT credit is not until October 1, 2029, meaning that Smith has more than 2,000 days remaining on his sentence.[4] Until the number of Smith's FSA credits equals the rest of his term of imprisonment, Smith remains ineligible to have those FSA credits applied to his sentence for purposes of calculating his percent of statutory time

---

[4] In an addendum to his motion, Smith attaches a response from the U.S. Department of Justice to an appeal that he filed. The letter states that Smith's "new projected release date is October 2, 2028, via First Step Act release." (ECF No. 44-1 at 2.) Smith presses that the letter means that he *will* be released to supervised release on that date, and so he has a liberty interest in his FSA credits. (*See* ECF No. 44.) The Court is unpersuaded for the reasons already stated. Smith's projected release date via GCT credit is in October 2029, Smith's FSA credits remain conditional, and therefore Smith is still ineligible to have his FSA credits applied to his sentence for purposes of calculating his percent of statutory time served.

served.[5] *See Mills*, 2022 WL 4084178, at *4. Accordingly, the Court overrules Smith's objection, accepts the R&R as modified, denies Smith's petition for habeas relief, and dismisses this action without prejudice.[6]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Smith's Objection (ECF No. 40) is OVERRULED;

2.    The Report and Recommendation (ECF No. 39) is ACCEPTED AS MODIFIED;

3.    Smith's Petition for a Writ of Habeas Corpus under 28 U.S.C. Section 2241 (ECF No. 1) is DENIED;

---

[5] Smith argues that the BOP's failure to apply his FSA credits to his percent of statutory time served has delayed his eligibility for home confinement under the CARES Act. (ECF No. 40 at 9–10; *see also* ECF No. 1 at 2.) If Smith is arguing for home confinement, "the BOP has exclusive authority to determine the placement of prisoners," and so "placement questions are not reviewable." *Mills*, 2022 WL 4084178, at *6 (citation omitted). "A habeas petitioner under § 2241 can only challenge the fact or duration of confinement." *Id.* Relatedly, in Smith's addendum, he asks the Court to state that he "qualified for the CARES Act submission in January of 2023" if the Court agrees with his method of computing his percent of statutory time served. (ECF No. 44 at 1.) Given the Court's ruling otherwise, it declines to address the CARES Act.

[6] The R&R recommends this Court dismiss Smith's petition *with* prejudice. (R&R at 14.) Given that Smith's eligibility for application of his FSA credits may change as he continues to serve his sentence, the Court dismisses his petition *without* prejudice to allow Smith to file a similar claim again, assuming it is viable. *See, e.g., Mills*, 2022 WL 4084178, at *7 (dismissing a similar petition without prejudice).

4.     Smith's motion for leave to file a summary judgment motion (ECF No. 33)

       is DENIED;

5.     Smith's Motion for Summary Judgment (ECF No. 34) is DENIED; and

6.     The above-captioned matter is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 27, 2023                    BY THE COURT:

                                        s/Nancy E. Brasel
                                        Nancy E. Brasel
                                        United States District Judge